980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Frank JOHNSON, Jr., Defendant-Appellant.
 Nos. 92-3377, 92-3404.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Circuit Judge.[1]
 
 ORDER
 
 1
 Willie Frank Johnson, Jr., appeals a sentence imposed by the district court following his guilty plea to one count of false impersonation of a federal officer in violation of 18 U.S.C. § 912. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson was indicted in October 1991 on three counts of falsely impersonating an Internal Revenue Service officer, one count of fraudulently obtaining the mail of another, and one count of making a false material statement to postal employees. On December 2, 1991, he entered into a Rule 11 plea agreement and stipulation in which he agreed to plead guilty to count one. In return, the government agreed not to pursue other possible federal violations arising from this fact situation during this time frame. The stipulation provided that the facts supported the charge to which Johnson was pleading and further provided that he was entitled to a two-level reduction in his sentencing guideline offense level for acceptance of responsibility.
 
 
 3
 The district court sentenced Johnson to imprisonment for 36 months and supervised release for one year. The prison sentence represented an upward departure of six months from the court's calculation of the applicable guideline range (24-30 months), which was based upon a total offense level of 10 and a criminal history category of VI.
 
 
 4
 Johnson filed a timely notice of appeal, which was docketed as Case No. 92-3377. The district court thereafter heard additional testimony regarding disputed information contained in the presentence investigation report (PSI). The court found the PSI's version of the facts to be supported by a preponderance of the evidence. Reiterating its reasons for departing upward, the court resentenced Johnson to the same terms of imprisonment and supervised release. Johnson then filed a timely appeal from the amended judgment in Case No. 92-3404. These appeals have been consolidated for decision.
 
 
 5
 Johnson's appointed counsel has filed a motion to withdraw and an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967). In this brief, counsel raised three issues: (1) whether the district court lacked jurisdiction over a § 912 charge, (2) whether the defendant's sentence should not have been subject to enhancement based upon his criminal history and disputed facts in the PSI, and (3) whether Johnson's sentence violated the sentencing guidelines. Johnson has filed a pro se brief, arguing that the upward departure in sentencing was unwarranted, unreasonable, and unexplained. He also argues that the district court did not give the required notice of its intent to depart from the guideline range. Johnson requests the appointment of new counsel.
 
 
 6
 Because the district court's decision to depart upward was not supported by an adequate statement of reasons, we shall vacate Mr. Johnson's sentence and remand for resentencing.
 
 
 7
 We note preliminarily that the district court's amended judgment renders Johnson's appeal in Case No. 92-3377 moot. We need only address the merits of the appeal in Case No. 92-3404.
 
 
 8
 The jurisdictional issue raised in the Anders brief is completely meritless. The federal district courts have jurisdiction to try a person who is accused of violating a federal criminal statute. See 18 U.S.C. § 3231.
 
 
 9
 The district court complied with Fed.R.Crim.P. 32 by resolving Johnson's factual objections to the PSI. See Fed.R.Civ.P. 32(c)(3)(D); United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988), cert. denied, 489 U.S. 1022 (1989) (transcript of the sentencing court's determinations on the disputed information is considered a sufficient written record under Rule 32(c)(3)(D)).
 
 
 10
 Johnson's complaint that the district court gave no notice of its intent to depart is contradicted by the record. Before a sentencing court may depart upward on any ground not previously identified as a potential reason for departure, the court must give the parties reasonable notice that it is contemplating departure on this ground. See Burns v. United States, 111 S.Ct. 2182, 2187 (1991). The district court gave the required notice by its order filed March 6, 1992.
 
 
 11
 In deciding to depart upward, the court relied upon the defendant's five previous felony convictions, his violation of bond conditions, and his failure to appear before the court when directed to do so. As to the first of these grounds, upward departure is warranted "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. See United States v. Feinman, 930 F.2d 495, 502 (6th Cir.1991) (upward departure affirmed where economic benefit of drug trade, combined with past criminal history, made it likely that defendant would continue to commit drug crimes upon release from prison). In the case at bar, however, the district court made no finding that the defendant's criminal history category under-represented the seriousness of his crimes or the likelihood that he would commit further crimes.
 
 
 12
 As to the defendant's violation of his bond conditions, the record does not disclose the nature of the violation. It is difficult, therefore, for us to assess this element of the district court's decision.
 
 
 13
 As to the defendant's failure to appear, the Sentencing Guidelines provide for a two-level increase in the offense level upon a finding that "during the investigation, prosecution, or sentencing of the instant offense," the defendant "willfully fail[ed] to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 and Application Note 3(e) thereto. We presume that the district court could have increased the defendant's offense level from 10 to 12 on this basis, but the record does not suggest that it did so. (A two-level increase would have increased the defendant's guideline range to 30-37 months.) The defendant's failure to appear could not justify a departure from a properly calculated guideline range, the circumstance being one that was "adequately taken into consideration by the Sentencing Commission in formulating the guidelines." See U.S.S.G. § 5K2.0.
 
 
 14
 The appeal in Case No. 92-3377 is dismissed as moot. Rule 8(a), Rules of the Sixth Circuit. In Case No. 92-3404, we grant counsel's motion to withdraw and deny Johnson's request for new counsel. The sentence imposed by the district court is vacated and the case is remanded for resentencing. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The Honorable Max Rosenn, Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation